IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRASHER,

        Petitioner,                No. CIV S-04-1666 GEB DAD P

    vs.

TOM CAREY, Warden, et al.,

        Respondents.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. The petition filed on August 16, 2004, was accompanied by a request for leave to file the petition late and for equitable tolling. The request was denied without prejudice, and petitioner was advised that, "[i]f respondents move to dismiss the petition as barred by the statute of limitations, petitioner may renew his request for equitable tolling in opposition to the motion." (Order filed Aug. 19, 2004, at 1.) On October 7, 2004, respondents moved to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations. Petitioner has not filed any response to the motion.[1]

---

[1] The order requiring a response to the petition provides that "[i]f the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed with the court and served on respondents' counsel within thirty days after the motion is served." (Order filed Aug. 19, 2004, at 2.)

1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a 1-year period of limitation applies to any petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). For most prisoners, the limitation period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In the present case, the California Supreme Court denied review of petitioner's judgment of conviction on direct appeal on February 14, 2001. The ninety-day period during which petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired on May 15, 2001. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) on May 15, 2001.

The AEDPA statute of limitations further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" contained in the statute. 28 U.S.C. § 2244(d)(2). The period of limitation is not tolled, however, during the interval between the date on which a petitioner's judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). In the present case, petitioner's first state habeas petition was filed in the Shasta County Superior Court on October 22, 2001. The copy of the petition provided by respondents appears to have been signed on October 14, 2001, does not include a proof of service. Petitioner was confined at High Desert State Prison at the time. For the purposes of this order, the undersigned will assume that the petition was placed in the mail on October 19, 2001, the third day prior to the date the petition was received by the court. On the basis of this assumption, the undersigned finds that the 1-year period of limitation began to run on May 15, 2001, and ran without interruption until petitioner filed his first state habeas petition on October 19, 2001. A total of 156 days elapsed between May 15, 2001, and October 19, 2001.

After petitioner's first state habeas petition was denied on October 31, 2001, petitioner filed his next petition in the California Court of Appeal for the Third Appellate District on April 18, 2002. That petition was denied on April 25, 2002. Petitioner filed his next state habeas petition in the California Supreme Court on August 29, 2002, and that petition was denied on April 9, 2003. Respondents concede that petitioner was presenting his claims to the state courts in a diligent and orderly manner and that he is entitled to statutory tolling during the intervals between the state habeas petitions.

The United States Supreme Court has determined that a California state prisoner is normally entitled to "one full round" of collateral review in state court and that the AEDPA's one-year period of limitation is tolled while the prisoner's "full round" is properly in progress. Carey v. Saffold, 536 U.S. 214, 222 (2002). The prisoner in this case engaged in the continuing pursuit of his claims by placing them in turn and without unreasonable delay before a California trial court, the California Court of Appeal, and the California Supreme Court. He proceeded with one "full round" of collateral review and is entitled to tolling of the AEDPA statute of limitations until he completed that round of review on April 9, 2003. See 536 U.S. at 219 & 226; Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). The California Supreme Court's order filed April 9, 2003, became final on May 9, 2003. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam). The statute of limitations began to run again on May 10, 2003, and ran without further interruption for 209 days, until December 4, 2003, when it expired. Petitioner's federal habeas petition was received for filing in this court on August 16, 2004,[2] 255 days after the 1-year period of limitation expired.

Respondents have demonstrated that petitioner filed his federal habeas petition beyond the one-year period of limitation. The petition is barred by the AEDPA statute of limitations unless petitioner demonstrates his entitlement to equitable tolling.

---

[2] A proof of service attached to the filing appears to indicate that the petition was placed in the mail on July 30, 2004, but the proof of service is not signed under penalty of perjury.

Federal courts have applied the doctrine of equitable tolling in cases where a party was prevented from asserting a claim by wrongful conduct on the part of the opposing party and in cases where extraordinary circumstances beyond a party's control made it impossible to file a claim on time. See Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). The Ninth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, "but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (holding that the prisoner was entitled to equitable tolling where the district court improperly rejected his pro se habeas petition, lost the body of his original petition, and caused a lengthy delay between the prisoner's original attempt to file his petition and the first status conference in the case); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that the prisoner was entitled to equitable tolling where prison officials delayed his request that a check be drawn on his trust account for payment of the filing fee); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc) (holding that the prisoner was entitled to equitable tolling due to an earlier court-ordered stay of habeas proceedings, alleged mental incompetency, and the existence of timely habeas proceedings that were mistakenly dismissed); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (holding, in a death penalty case, that the withdrawal of court-appointed federal habeas counsel, who moved out of state and whose work product was not usable by replacement counsel, qualified as an extraordinary circumstance which justified tolling the statute of limitations), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).

Equitable tolling is not routinely available in habeas corpus cases because district courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon (Beeler), 128 F.3d at 1288-89. See Corjasso, 278 F.3d at 877 (noting that the standard

sets a "high hurdle" to the application of equitable tolling); Miles, 187 F.3d at 1107 (observing that equitable tolling is "unavailable in most cases"). Tolling of the AEDPA statute of limitations due to extraordinary circumstances is not available unless the petitioner has diligently pursued his claims. Calderon (Beeler), 128 F.3d at 1289.

The Supreme Court has recently confirmed that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 (2005).[3] Both elements must be established by the petitioner. Id. at 1815 (finding that the habeas petitioner in that case was not entitled to equitable tolling of the statute of limitations because he had not established the requisite diligence).

"Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" Laws, 351 F.3d at 922 (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Whether the limitations period in the present case should be equitably tolled depends on whether petitioner can demonstrate the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available. Moreover, petitioner must demonstrate that such circumstances existed for at least 255 days.

In the request for equitable tolling filed with his habeas petition, petitioner asserts that there was wrongful conduct on the part of respondent and that extraordinary circumstances beyond his control prevented him from filing his federal habeas petition within the specified time limitation. Petitioner acknowledges that the California Supreme Court denied his state habeas petition on April 9, 2003, and makes the following assertions: on June 1, 2003, he gave his federal habeas petition to correctional staff at Solano State Prison for mailing; a correctional officer in his housing unit inspected petitioner's envelope containing the original petition and

---

[3] In Pace, the Court observed that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations" but assumed without deciding its application for purposes of that case. 125 S. Ct. at 1814 n.8.

multiple copies, including one copy to be stamped and returned to petitioner; the officer sealed the envelope, signed the seal, and accepted the envelope for mailing in accordance with departmental policy; on October 18, 2003, petitioner sent a letter to the clerk of the court requesting the status of his case; when he received no response to his letter, petitioner requested that his family call the court; petitioner was told by his family that the clerk had not received any filings from petitioner; petitioner sought to confirm that the institution had mailed his envelope to the court and was told that if the mail room had received his envelope, it would have been mailed and logged as outgoing legal mail, which suggested to petitioner that the envelope was lost en route to the mail room; petitioner spoke to correctional staff in his housing unit about locating his envelope and was told that it had been sent to the mail room with the other mail; petitioner requested an affidavit but was told it is against departmental policy for a staff member to assist any prisoner with a legal case; petitioner had not retained a copy of his federal habeas petition and was unable to re-create the petition until he obtained a copy of his state habeas petition. Petitioner claims he was diligent and could not have prevented the negligent or accidental loss of all copies of his federal habeas petition by correctional staff.

Petitioner's contentions are supported by an affidavit in which he declares under penalty of perjury that the statements therein are "true and correct to the best of [his] knowledge and belief." The affidavit contains no dates other that the date of June 1, 2003, and does not identify any of the correctional staff involved. Petitioner does not provide any mail logs, inmate trust account statements, copies of correspondence, or declarations by family members. Petitioner's vague and conclusory statements do not establish wrongful conduct by respondent or diligence on his own part throughout the relevant time.

It would be an abuse of discretion for the district court to grant respondents' motion and dismiss the habeas petition as untimely without ordering the development of the factual record on petitioner's eligibility for equitable tolling. See Laws, 351 F.3d at 923. Petitioner will be granted thirty days to file his long overdue opposition to respondents' motion

to dismiss.  To develop the factual record, petitioner should submit exhibits a copy of the request for status he sent to this court in 2003 and copies of all letters he sent to and received from the state courts concerning a copy of his state habeas petition.  Petitioner should submit copies of institutional logs showing his incoming and outgoing legal mail for the period of time commencing on June 1, 2003, and ending on August 16, 2004.  Such logs will reflect the date on which petitioner sent his request for case status to this court as well as all dates on which petitioner sent and received letters concerning a copy of his state habeas petition.  Petitioner should also submit copies of inmate trust account statements for the period of time from April 2003 to August 2004.  Such statements will reflect the date on which petitioner was charged for photocopies of his federal habeas petition and the date in 2003 on which he requested that funds be forwarded to this court for payment of the required filing fee.  If petitioner filed an inmate grievance concerning the loss of his habeas petition, he should provide copies of the grievance and all responses to it.

In addition, petitioner should support his opposition with a declaration that is far more detailed and precise than the statement attached to his initial request for equitable tolling. Petitioner should include such relevant facts as the name of the correctional officer who accepted his envelope in June 2003, the names of correctional staff who told him his envelope had been delivered to the mail room, and the dates of all actions he took to follow up on the filing of his petition and to reconstruct the lost petition.  Where exact dates are not known to petitioner, he should indicate an approximate date or a range of dates and identify those dates as approximate. If possible, petitioner should provide declarations from the family members with whom he communicated concerning his petition and who contacted this court on his behalf.  If petitioner is unable to obtain declarations from family members, he should so state in his own declaration and explain why the declarations cannot be obtained.  All declarations should contain only matter within the personal knowledge of the declarant.  All declarations must be dated and subscribed "I declare under penalty of perjury that the foregoing is true and correct."  See 28 U.S.C. § 1746.

Along with the declarations and documentary evidence suggested in this order, petitioner should provide any other evidence that may serve to establish his diligence and the wrongful conduct of respondent. As set forth above, it is petitioner's burden to prove the existence of extraordinary circumstances beyond his control and to show that he proceeded with diligence during all relevant times. Petitioner's failure to carry his burden, or his failure to respond to this order at all, will result in a recommendation that respondent's motion to dismiss be granted and that this action be dismissed with prejudice.

The further development of the record must, of course, include an opportunity for respondents to contest petitioner's account of events and to contradict his evidence with evidence of their own. See Lott v. Mueller, 204 F.3d 918, 925 (9th Cir. 2002) (remanding to the district court for a more complete development of the record as it relates to the availability of equitable tolling). Respondents may do so by filing a reply to any opposition filed by petitioner.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days to file and serve opposition to respondents' October 7, 2004 motion to dismiss; petitioner's opposition shall be accompanied by declarations and documentary evidence that demonstrate his entitlement to equitable tolling; and

2. Respondents' reply to petitioner's opposition shall be filed and served within fifteen days after petitioner serves his opposition.

DATED: May 31, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
fras1666.mtdopp