IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRASHER,

    Petitioner,                                No. CIV S-04-1666 GEB DAD P

    vs.

TOM CAREY, Warden, et al.,

    Respondents.                             <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. Respondents have moved to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations. Petitioner has not responded to the motion despite two court orders directing him to file opposition.

PROCEDURAL HISTORY

        Petitioner is confined pursuant to a judgment of conviction entered March 12, 1999, in Shasta County Superior Court. A jury found him guilty of one count each of worker's compensation fraud, perjury, and grand theft of personal property. He was found to have suffered a prior felony conviction. He received a determinate state prison term of 11 years.

        In an unpublished opinion filed November 21, 2000, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment. His petition for review

1

by the California Supreme Court was summarily denied by order filed February 14, 2001. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed three state habeas petitions. The first, bearing a signature date of October 14, 2001, was filed in the Shasta County Superior Court on October 22, 2001, and was denied by order filed October 31, 2001. The second, bearing a signature date of April 16, 2002, was filed in the California Court of Appeal for the Third Appellate District on April 18, 2002, and was denied by order filed April 25, 2002. The third, bearing a signature date of August 9, 2002, was filed in the California Supreme Court on August 29, 2002, and was denied by order filed April 9, 2003.

Petitioner's federal habeas petition includes a proof of service dated July 30, 2004.[1] The petition was received and filed on August 16, 2004. The petition was accompanied by a document titled "Request for Leave to File Late Petition for Writ of Habeas Corpus, and Equitable Tolling." By order filed August 19, 2004, the request was denied without prejudice and petitioner was advised that "[i]f respondents move to dismiss the petition as barred by the statute of limitations, petitioner may renew his request for equitable tolling in opposition to the motion." (Order filed Aug. 19, 2004, at 1.) The same order directed respondents to respond to the petition and provided that "[i]f the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed with the court and served on respondents' counsel within thirty days after the motion is served." (Id. at 2.)

On October 7, 2004, respondents filed their motion to dismiss the petition as barred by the statute of limitations. Petitioner did not file any response to the motion. After more than six months had passed, the court granted petitioner thirty days to file opposition and set forth in detail the requirements for asserting equitable tolling. (Order filed May 31, 2005.) More than fifty days have passed and petitioner has not responded to the order.

---

[1] The document does not contain a declaration that it is signed under penalty of perjury.

2

ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a 1-year period of limitation applies to any petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). For most prisoners, the limitation period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In the present case, the California Supreme Court denied review on direct appeal on February 14, 2001. The ninety-day period during which petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired on May 15, 2001. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The court finds that petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) on May 15, 2001.

The statute of limitations provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" contained in the statute. 28 U.S.C. § 2244(d)(2). The period of limitation is not tolled, however, during the interval between the date on which a petitioner's judgment becomes final and the date on which he files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, petitioner's first state habeas petition was filed in the trial court on October 22, 2001. Assuming for the sake of argument that the petition was mailed on the date it was signed, and giving petitioner the benefit of the mailbox rule, the court finds that the 1-year period of limitation began to run after his conviction became final on May 15, 2001, and ran until petitioner mailed his first state habeas petition on October 14, 2001. A total of 151 days elapsed between May 15, 2001, and October 14, 2001.

After petitioner's first state habeas petition was denied on October 31, 2001, petitioner filed his next petition in the appellate court on April 18, 2002. That petition was

3

denied on April 25, 2002.  Petitioner filed his final state habeas petition in the California Supreme Court on August 29, 2002, and that petition was denied on April 9, 2003.  A California state prisoner is normally entitled to "one full round" of collateral review in state court, and the one-year period of limitation is tolled while the prisoner's "full round" is properly in progress. Carey v. Saffold, 536 U.S. 214, 222 (2002).  The prisoner in this case engaged in the continuing pursuit of his claims by placing them in turn and without unreasonable delay before a California trial court, the California Court of Appeal, and the California Supreme Court.  This court finds that petitioner is entitled to statutory tolling from October 14, 2001, until he completed a full round of collateral review on April 9, 2003.  See 536 U.S. at 219 & 226; Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

        The California Supreme Court's order filed April 9, 2003, became final on May 9, 2003.  See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam).  The statute of limitations began to run again on May 10, 2003, and ran without further interruption for 214 days, until December 9, 2003, when it expired.  Petitioner's federal habeas petition was received for filing on August 16, 2004, 250 days after the 1-year period of limitation expired.  If the petition was delivered to prison authorities for mailing on July 30, 2004, it was filed 233 days late.  The petition is barred by the statute of limitations unless petitioner is entitled to equitable tolling.

        Federal courts have applied the doctrine of equitable tolling in cases where a party was prevented from asserting a claim by wrongful conduct on the part of the opposing party and in cases where extraordinary circumstances beyond a party's control made it impossible to file a claim on time.  See Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).  The Ninth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, "but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796,

799 (9th Cir. 2003)). See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (holding that the prisoner was entitled to equitable tolling where the district court improperly rejected his pro se habeas petition, lost the body of his original petition, and caused a lengthy delay between the prisoner's original attempt to file his petition and the first status conference in the case); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (holding that the prisoner was entitled to equitable tolling where prison officials delayed his request that a check be drawn on his trust account for payment of the filing fee); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc) (holding that the prisoner was entitled to equitable tolling due to an earlier court-ordered stay of habeas proceedings, alleged mental incompetency, and the existence of timely habeas proceedings that were mistakenly dismissed); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (holding, in a death penalty case, that the withdrawal of court-appointed federal habeas counsel, who moved out of state and whose work product was not usable by replacement counsel, qualified as an extraordinary circumstance which justified tolling the statute of limitations), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).

Equitable tolling is not routinely available in habeas corpus cases because district courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon (Beeler), 128 F.3d at 1288-89. See Corjasso, 278 F.3d at 877 (noting that the standard sets a "high hurdle" to the application of equitable tolling); Miles, 187 F.3d at 1107 (observing that equitable tolling is "unavailable in most cases"). Tolling of the AEDPA statute of limitations due to extraordinary circumstances is not available unless the petitioner has diligently pursued his claims. Calderon (Beeler), 128 F.3d at 1289.

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations" but it has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v.

DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 & n.8 (2005). Both elements must be established by the petitioner. Id. at 1815 (ruling that the habeas petitioner was not entitled to equitable tolling of the statute of limitations because he had not established diligence).

"Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'" Laws, 351 F.3d at 922 (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Whether the limitations period in the present case should be equitably tolled depends on whether petitioner has demonstrated extraordinary circumstances beyond his control, making timely filing impossible.

In his initial request for equitable tolling, petitioner alleged only two facts with specificity: he gave his federal habeas petition and multiple copies to a correctional officer for inspection and mailing on June 1, 2003, and, despite the fact that he did not receive an endorsed copy back from the court, he waited four and a half months before he sent a letter to the court on October 18, 2003, requesting the status of his case. Petitioner's remaining allegations are vague: (1) after receiving no response to his letter, he asked an unspecified family member on an unspecified date to call the court; (2) he was told by an unspecified family member on an unspecified date that the clerk had not received any filings from petitioner; (3) he attempted to confirm at an unspecified time that the institution mailed his envelope to the court; (4) he spoke to unnamed correctional staff at an unspecified time about locating his envelope and was told it had been sent to the mail room; and (5) he had not retained a copy of his federal habeas petition or his state habeas petitions and was therefore unable to re-create the federal habeas petition until he obtained another copy of his state habeas petition on an unspecified date.

The court's May 31, 2005 order provided petitioner with notice that his vague and conclusory statements do not establish his diligence throughout the relevant time. The court ordered petitioner to develop the factual record on his eligibility for equitable tolling. See Laws, 351 F.3d at 923. Petitioner was cautioned that his failure to respond to the order will result in a recommendation that respondents' motion to dismiss be granted and that this action be dismissed

with prejudice. Petitioner has not responded to the order, has not developed the record, and has failed to meet his burden of demonstrating his diligence and establishing the existence of extraordinary circumstances beyond his control making it impossible to file his federal habeas petition prior to December 9, 2003.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' October 7, 2004 motion to dismiss be granted; and

2. This action be dismissed with prejudice because the petition for writ of habeas corpus has been filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
fras1666.mtd